IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEGWAY INC., DEKA PRODUCTS LIMITED PARTNERSHIP, and NINEBOT (TIANJIN) TECHNOLOGY CO., LTD., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. _____ |
| PHUNKEEDUCK, INC., | ) ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Segway Inc., DEKA Products Limited Partnership, and Ninebot (Tianjin) Technology Co., Ltd., by way of Complaint against PhunkeeDuck, Inc., allege as follows:

**THE PARTIES**

1.     Segway Inc. ("Segway") is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 14 Technology Drive, Bedford, New Hampshire 03110.  Segway is an innovative technology company that designs, develops, manufactures, distributes and services patented personal transporters that have been publicly sold in the United States since 2002.

2.     DEKA Products Limited Partnership ("DEKA") is a limited partnership organized and existing under the laws of the state of New Hampshire, having a principal place of business at 340 Commercial St., Ste. 401, Manchester, New Hampshire 03101.  DEKA's sole general partner is DEKA Research & Development Corp., a New Hampshire corporation that

focuses on the research and development of innovative technologies, including certain technologies on which Segway's patented personal transporters are based.

3.　　Ninebot (Tianjin) Technology Co., Ltd. ("Ninebot") is a corporation organized and existing under the laws of the People's Republic of China, having a principal place of business at Building 9, Jiasuqi, Tianrui Rd Science and Technology Park Center, Auto Industrial Park, Wuqing, Tianjin, China.  Ninebot manufactures personal transporters under the "Ninebot" brand name.

4.　　On information and belief, PhunkeeDuck, Inc. ("PhunkeeDuck") is a privately-held, limited liability company organized and existing under the laws of the State of New York with its principal place of business at 250 Jericho Turnpike, Floral Park, New York 11001.  PhunkeeDuck maintains an address for service of process at 244 Mineola Blvd., Suite 100, Mineola, New York 11501.

5.　　On information and belief, PhunkeeDuck is in the business of designing, manufacturing or having manufactured, and selling products such as personal transporter devices.

## JURISDICTION AND VENUE

6.　　This action arises under the patent laws of the United States.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

7.　　On information and belief, PhunkeeDuck is subject to personal jurisdiction in this District because it has conducted and does conduct business within the United States and the State of Delaware.　On information and belief, PhunkeeDuck, directly or through intermediaries (including distributors, retailers, and others) ships, distributes, offers for sale, sells, and advertises products that infringe the patent claims involved in this action in this District.　For example, PhunkeeDuck advertises products that infringe the patent claims

2

involved in this action on its nationally accessible interactive website.   *See, e.g.*, PhunkeeDuck, http://www.phunkeeduck.com.   In addition, on information and belief, consumers from anywhere in the country, including Delaware, can purchase products that infringe the patent claims involved in this action directly from PhunkeeDuck's nationally accessible interactive website.   On information and belief, PhunkeeDuck has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in this District.   On information and belief, PhunkeeDuck sought protection and benefit from the laws of the State of Delaware by organizing itself under the laws of the State of Delaware and by placing infringing products into the stream of commerce through an established distribution channel with the awareness and/or intent that they will be purchased  by consumers in this District.

8.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and/or 28 U.S.C. § 1400(b).

## SEGWAY'S PERSONAL TRANSPORTERS

9.   Segway created the market for personal transporters when it introduced the first self-balancing, zero-emission personal vehicle in 2001: the SEGWAY® Human Transporter (now known as the SEGWAY® Personal Transporter ("PT")).  Founded on a vision to develop highly-efficient, zero-emission transportation solutions using dynamic stabilization technology, Segway's research and development was focused on creating devices that took up a minimal amount of space, were extremely maneuverable and could operate on pedestrian sidewalks and pathways.

10.   Since August 2006, Segway has sold its second generation of personal transporter vehicles, which include the patented LeanSteer[TM] technology.  The initial second generation models included the i2, with thin non-marking tires for most urban and suburban

paved surfaces, and the x2, with deeply-treaded, all-terrain tires for off-road uses. A true and accurate copy of the manual included with the i2 and the x2 is attached hereto as Exhibit A.

11.    Segway Inc.'s sales of the i2 and x2 models ceased in March 2014, and were replaced by sales of more second generation models, the i2 SE and the x2 SE, which also include the patented LeanSteer™ technology. A true and accurate copy of the manual included with the i2 SE and the x2 SE is attached hereto as Exhibit B.

## THE ASSERTED PATENTS

12.    DEKA is the owner of U.S. Patent No. 6,302,230 (the "'230 patent") which is attached as Exhibit C. The '230 patent discloses and claims a personal transporter with a balance monitor and a method for using such a transporter. Segway is the exclusive licensee under the '230 patent in the relevant consumer transporter field pursuant to a license agreement with DEKA. Ninebot is an affiliate of Segway and a sub-licensee under the '230 patent.

13.    DEKA is the owner of U.S. Patent No. 7,275,607 (the "'607 patent") which is attached as Exhibit D. The '607 patent discloses and claims improved controllers for a transporter. Segway is the exclusive licensee under the '607 patent in the relevant consumer transporter field pursuant to a license agreement with DEKA. Ninebot is an affiliate of Segway and a sub-licensee under the '607 patent.

14.    DEKA is the owner of U.S. Patent No. 9,188,984 (the "'984 patent") which is attached as Exhibit E. The '984 patent discloses and claims improved controllers for a transporter. Segway is the exclusive licensee under the '984 patent in the relevant consumer transporter field pursuant to a license agreement with DEKA. Ninebot is an affiliate of Segway and a sub-licensee under the '984 patent.

## COUNT I – INFRINGEMENT OF '230 PATENT

15.    Plaintiffs re-allege, as if fully set forth herein, the averments contained in paragraphs 1-14.

16.    On information and belief, PhunkeeDuck has been and is now directly infringing the '230 patent by making, using, selling, and/or offering for sale in the United States and/or importing into the United States personal transporters that practice or embody at least claims 1 and 5 of the '230 patent, including but not limited to PhunkeeDuck's electric vehicles labeled as "PhunkeeDuck" (the "PhunkeeDuck Product").   PhunkeeDuck is therefore liable for direct infringement of the '230 patent under 35 U.S.C. § 271(a).

17.    On information and belief, the PhunkeeDuck Product meets all the elements of at least independent claims 1 and 5 of the '230 patent.   According to the User's Manual for the PhunkeeDuck Product, attached hereto as Exhibit F, the PhunkeeDuck Product meets all the elements of claim 1 and 5 of the '230 patent, which are demonstrated on an element-by-element basis in the claim charts attached as Exhibit G.

18.    On information and belief, PhunkeeDuck has knowledge of the '230 patent or has acted with willful blindness to its existence.   Since at least October 2011, all Segway model i2 and x2 personal transporters have had affixed to them a label that reads "Patents:   http://www.segway.com/downloads/pdfs/ReferenceManual.pdf."[1]    The Reference Manual, attached as Exhibit A, to which one is directed by this label contains, on pages 141 and 142, a list of Segway patents and applications that cover the i2 and x2 personal transporters, including the '230 patent.   Similarly, the manual for the i2 SE and x2 SE models, attached as Exhibit B, includes a notification that "The Segway Personal Transporter (PT) is covered by U.S. and foreign

---

[1]    The Reference Manual for the i2 and x2 personal transporters is now located at http://www.segway.com/media/1688/referencemanual.pdf.

patents.  For more information go to http://www.segway.com/patents.pdf."  This link provides a document including a list of Segway patents and patent applications covering these products, including the '230 patent.  These personal transporters were the original such personal transporters in the United States and world markets, and were recognized as pioneering and inventive, and therefore one would believe that they were almost certainly covered by United States patents.  Further, PhunkeeDuck has had actual knowledge of the '230 patent at least as of the filing of this complaint.

19.    On information and belief, PhunkeeDuck has been and is now indirectly infringing the '230 patent by actively inducing others, including distributors, customers and end-users who use, sell or offer to sell the personal transporters identified and described in paragraphs 15-16 above, to directly infringe at least claims 1 and 5 of the '230 patent.  On information and belief, distributors, customers and end-users who use, sell or offer to sell the personal transporters identified and described above directly infringe at least  claims 1 and 5 of the '230 patent.  Further, on information and belief, PhunkeeDuck, by providing at least manuals, training, guides, videos and/or demonstrations, including the User's Manual attached hereto as Exhibit F, induces distributors, customers and/or end-users of the personal transporters identified and described in paragraphs 15-16 to perform acts intended by PhunkeeDuck to cause direct infringement of at least claims 1 and 5 of the '230 patent.   On information and belief, as discussed in paragraph 17, PhunkeeDuck has knowledge of the '230 patent or has acted with willful blindness to its existence.  PhunkeeDuck is therefore liable for inducing infringement of the '230 patent under 35 U.S.C. § 271(b).

20.    On information and belief, PhunkeeDuck has been and is now indirectly infringing the '230 patent by contributing to infringement by others of at least claims 1 and 5 of

the '230 patent, including distributors, customers and end-users who use, sell or offer to sell the personal transporters identified and described in paragraphs 15-16 above.   On information and belief, PhunkeeDuck contributes to such infringement at least by providing to such distributors, customers and end-users, personal transporters or components thereof, which are specially made or adapted for use in an infringement of at least claims 1 and 5 of the '230 patent and are not staple articles of commerce suitable for substantial non-infringing use.   On information and belief, as discussed in paragraph 17, PhunkeeDuck had knowledge or acted with willful blindness to the fact that the personal transporters or components thereof are specially made or adapted for use to infringe the '230 patent and are not staple articles of commerce suitable for substantial non-infringing use.  PhunkeeDuck is therefore liable for contributory infringement of the '230 patent under 35 U.S.C. § 271(c).

21.     As a result of its infringement of the '230 patent, PhunkeeDuck has damaged Plaintiffs.   PhunkeeDuck is liable to Plaintiffs in an amount to be determined at trial that adequately compensates Plaintiffs for the infringement, which by law can be no less than a reasonable royalty.

22.     PhunkeeDuck's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Plaintiffs for which there is no adequate remedy at law.  Unless enjoined by this Court, PhunkeeDuck will continue to infringe the '230 patent.

## COUNT II – INFRINGEMENT OF '607 PATENT

23.     Plaintiffs re-allege, as if fully set forth herein, the averments contained in paragraphs 1-22.

24.     On information and belief, PhunkeeDuck has been and is now directly infringing the '607 patent by making, using, selling, and/or offering for sale in the United States

and/or importing into the United States personal transporters that practice or embody at least claim 1 of the '607 patent, including but not limited to the PhunkeeDuck Product.  PhunkeeDuck is therefore liable for direct infringement of the '607 patent under 35 U.S.C. § 271(a).

25.    On information and belief, the PhunkeeDuck Product meets all the elements of claim 1 of the '607 patent.  According to the User's Manual for the PhunkeeDuck Product, attached hereto as Exhibit F, the PhunkeeDuck Product meets all the elements of claim 1 of the '607 patent, which are demonstrated on an element-by-element basis in the claim chart attached as Exhibit H.

26.    On information and belief, PhunkeeDuck has knowledge of the '607 patent or has acted with willful blindness to its existence.  Since at least October 2011, all Segway model i2 and x2 personal transporters have had affixed to them a label that reads "Patents:  http://www.segway.com/downloads/pdfs/ReferenceManual.pdf."[2]    The Reference Manual, attached as Exhibit A, to which one is directed by this label contains, on pages 41 and 142, a list of Segway patents and applications that cover the i2 and x2 personal transporters, including Patent Application Publication No. 20050121866, which is the published application that ultimately issued as the '607 patent.  Similarly, the manual for the i2 SE and x2 SE models, attached as Exhibit B, includes a notification that "The Segway Personal Transporter (PT) is covered by U.S. and foreign patents.  For more information go to http://www.segway.com/patents.pdf."  This link provides a document including a list of Segway patents and patent applications covering these products, including the '607patent.  These personal transporters were the original such personal transporters in the United States and world markets, and were recognized as pioneering and inventive, and therefore one would believe that they were almost certainly covered by United

---

[2]    The Reference Manual for the i2 and x2 personal transporters is now located at http://www.segway.com/media/1688/referencemanual.pdf.

States patents.   Further, PhunkeeDuck has had actual knowledge of the '607 patent at least as of the filing of this complaint.

27.     On information and belief, PhunkeeDuck has been and is now indirectly infringing the '607 patent by actively inducing others, including distributors, customers and end-users who use, sell or offer to sell the personal transporters identified and described in paragraphs 23-24 above, to directly infringe at least claim 1 of the '607 patent.   On information and belief, distributors, customers and end-users who use, sell or offer to sell the personal transporters identified and described above directly infringe at least claim 1 of the '607 patent. Further, on information and belief, PhunkeeDuck, by providing at least manuals, training, guides, videos and/or demonstrations, including the User's Manual attached hereto as Exhibit F, induces distributors, customers and/or end-users of the personal transporters identified and described in paragraphs 23-24 to perform acts intended by PhunkeeDuck to cause direct infringement of at least claim 1 of the '607 patent.   On information and belief, as discussed in paragraph 26, PhunkeeDuck has knowledge of the '607 patent or has acted with willful blindness to its existence.   PhunkeeDuck is therefore liable for inducing infringement of the '607 patent under 35 U.S.C. § 271(b).

28.     On information and belief, PhunkeeDuck has been and is now indirectly infringing the '607 patent by contributing to infringement by others of at least claim 1 of the '607 patent, including distributors, customers and end-users who use, sell or offer to sell the personal transporters identified and described in paragraphs 23-24 above.   On information and belief, PhunkeeDuck contributes to such infringement at least by providing to such distributors, customers and end-users, personal transporters or components thereof, which are specially made or adapted for use in an infringement of at least claim 1 of the '607 patent and are not staple

articles of commerce suitable for substantial non-infringing use.  On information and belief, as discussed in paragraph 26, PhunkeeDuck had knowledge or acted with willful blindness to the fact that the personal transporters or components thereof are specially made or adapted for use to infringe the '607 patent and are not staple articles of commerce suitable for substantial non-infringing use.  PhunkeeDuck is therefore liable for contributory infringement of the '607 patent under 35 U.S.C. § 271(c).

29.     As a result of its infringement of the '607 patent, PhunkeeDuck has damaged Plaintiffs.  PhunkeeDuck is liable to Plaintiffs in an amount to be determined at trial that adequately compensates Plaintiffs for the infringement, which by law can be no less than a reasonable royalty.

30.     PhunkeeDuck's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Plaintiffs for which there is no adequate remedy at law.  Unless enjoined by this Court, PhunkeeDuck will continue to infringe the '607 patent.

## COUNT III – INFRINGEMENT OF '984 PATENT

31.     Plaintiffs re-allege, as if fully set forth herein, the averments contained in paragraphs 1-30.

32.     On information and belief, PhunkeeDuck has been and is now directly infringing the '984 patent by making, using, selling, and/or offering for sale in the United States and/or importing into the United States personal transporters that practice or embody at least claims 1, 8 and 15 of the '984 patent, including but not limited to the PhunkeeDuck Product. PhunkeeDuck is therefore liable for direct infringement of the '984 patent under 35 U.S.C. § 271(a).

33.   On information and belief, the PhunkeeDuck Product meets all the elements of claims 1, 8 and 15 of the '984 patent.  According to the User's Manual for the PhunkeeDuck Product, attached hereto as Exhibit F, the PhunkeeDuck Product meets all the elements of claims 1, 8 and 15 of the '984 patent, which are demonstrated on an element-by-element basis in the claim chart attached as Exhibit I.

34.   On information and belief, PhunkeeDuck has knowledge of the '984 patent or has acted with willful blindness to its existence.  Since at least October 2011, all Segway model i2 and x2 personal transporters have had affixed to them a label that reads "Patents:  http://www.segway.com/downloads/pdfs/ReferenceManual.pdf."[3]   The Reference Manual, attached as Exhibit A, to which one is directed by this label contains, on pages 41 and 142, a list of Segway patents and applications that cover the i2 and x2 personal transporters. Similarly, the manual for the i2 SE and x2 SE models, attached as Exhibit B, includes a notification that "The Segway Personal Transporter (PT) is covered by U.S. and foreign patents.  For more information go to http://www.segway.com/patents.pdf."  This link provides a document including a list of Segway patents and patent applications covering these products, including the '984 patent. These personal transporters were the original such personal transporters in the United States and world markets, and were recognized as pioneering and inventive, and therefore one would believe that they were almost certainly covered by United States patents.   Further, PhunkeeDuck has had actual knowledge of the '984 patent at least as of the filing of this complaint.

35.   On information and belief, PhunkeeDuck has been and is now indirectly infringing the '984 patent by actively inducing others, including distributors, customers and end-users who use, sell or offer to sell the personal transporters identified and described in

---

[3]   The Reference Manual for the i2 and x2 personal transporters is now located at http://www.segway.com/media/1688/referencemanual.pdf.

paragraphs 31-32 above, to directly infringe at least claims 1, 8 and 15 of the '984 patent.   On information and belief, distributors, customers and end-users who use, sell or offer to sell the personal transporters identified and described above directly infringe at least claims 1, 8 and 15 of the '984 patent.   Further, on information and belief, PhunkeeDuck, by providing at least manuals, training, guides, videos and/or demonstrations, including the User's Manual attached hereto as Exhibit F, induces distributors, customers and/or end-users of the personal transporters identified and described in paragraphs 31-32 to perform acts intended by PhunkeeDuck to cause direct infringement of at least claims 1, 8 and 15 of the '984 patent.   On information and belief, as discussed in paragraph 34, PhunkeeDuck has knowledge of the '984 patent or has acted with willful blindness to its existence.   PhunkeeDuck is therefore liable for inducing infringement of the '984 patent under 35 U.S.C. § 271(b).

36.     On information and belief, PhunkeeDuck has been and is now indirectly infringing the '984 patent by contributing to infringement by others of at least claims 1, 8 and 15 of the '984 patent, including distributors, customers and end-users who use, sell or offer to sell the personal transporters identified and described in paragraphs 31-32 above.   On information and belief, PhunkeeDuck contributes to such infringement at least by providing to such distributors, customers and end-users, personal transporters or components thereof, which are specially made or adapted for use in an infringement of at least claims 1, 8 and 15 of the '984 patent and are not staple articles of commerce suitable for substantial non-infringing use.   On information and belief, as discussed in paragraph 34, PhunkeeDuck had knowledge or acted with willful blindness to the fact that the personal transporters or components thereof are specially made or adapted for use to infringe the '984 patent and are not staple articles of commerce

suitable for substantial non-infringing use.  PhunkeeDuck is therefore liable for contributory infringement of the '984 patent under 35 U.S.C. § 271(c).

37.     As a result of its infringement of the '984 patent, PhunkeeDuck has damaged Plaintiffs.  PhunkeeDuck is liable to Plaintiffs in an amount to be determined at trial that adequately compensates Plaintiffs for the infringement, which by law can be no less than a reasonable royalty.

38.     PhunkeeDuck's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Plaintiffs for which there is no adequate remedy at law.  Unless enjoined by this Court, PhunkeeDuck will continue to infringe the '984 patent.

## **PRAYER FOR RELIEF**

39.     Plaintiffs request that:

a.      Judgment be entered that PhunkeeDuck has directly and indirectly infringed the '230 patent, '607 patent and '984 patent literally and/or under the doctrine of equivalents, and that Plaintiffs are entitled to damages due to PhunkeeDuck's infringement of the '230 patent, '607 patent and '984 patent pursuant to 35 U.S.C. § 284;

b.      Judgment be entered that PhunkeeDuck's infringement of the '230 patent, '607 patent and '984 patent is willful and knowing;

c.      For an accounting, including a post-judgment accounting, to determine the damages to be awarded to Plaintiffs as a result of all of PhunkeeDuck's making, using, selling, offering for sale, or importing of any product or service falling within the scope of any claim of the '230 patent, '607 patent, and '984 patent, or otherwise infringing any claim of the '230 patent, '607 patent, and '984 patent;

      d.      Judgment be entered that this is an exceptional case, and that Plaintiffs are entitled to its reasonable attorney's fees pursuant to 35 U.S.C. § 285;

      e.      Judgment be entered that Plaintiffs are entitled to interest and costs of suit, including pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284;

      f.      Judgment be entered permanently enjoining PhunkeeDuck and its parents, subsidiaries, affiliates, successors, and assigns, and each of their officers, directors, employees, representatives, agents, attorneys, and all persons acting in concert or active participation with them, or on their behalf, or within their control, from making, using, selling, offering for sale, or importing any product or service falling within the scope of any claim of the '230 patent, '607 patent, and '984 patent, or otherwise infringing any claim of the '230 patent, '607 patent, and '984 patent; and

      g.      For such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Segway, Deka, and Ninebot demand a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*

_____

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mant.com
dfahnestock@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Tony V. Pezzano
Aleksandra King
A. Elizabeth Korchin
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY  10022
(212) 918-3000

Celine Jimenez Crowson
Joseph J. Raffetto
Scott Hughes
Cary E. Adickman
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC  20004
(202) 637-5000

Steven M. Levitan
HOGAN LOVELLS US LLP
4085 Campbell Avenue #100
Menlo Park, CA 94025
(650) 463-4000

Maureen K. Toohey
TOOHEY LAW GROUP LLC
340 Commercial Street
Manchester, NH  03101
(603) 206-0200

Ping Gu
ZHONG LUN LAW FIRM
36-37/F, SK Tower
6A Jianguomenwai Avenue
Chaoyang District
Beijing 100022
People's Republic of China
86-10-5957-2288

June 28, 2016